IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | § | |
|---|---|---|
| VICTORIO SOLIS and ALEYDA SOLIS, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. B-07-205 |
| | § | |
| WAL-MART STORES EAST, L.P., | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

I.   BACKGROUND

Plaintiffs Victorio and Aleyda Solis, Texas citizens, allege that on November 15, 2006, Mr. Solis entered the Wal-Mart store located at 2721 Boca Chica Boulevard, Brownsville, Texas 78521. While Mr. Solis was shopping in the cereal and breakfast aisle, he allegedly slipped and fell. He asserts that felt severe pain and needed emergency transport to the hospital. While he was waiting for an ambulance, he look around the area where he fell and saw that he had slipped on slimy liquid that was on the floor of the aisle. The Plaintiffs brought a negligence claim in the County Court at Law No. 3 of Cameron County, Texas against Wal-Mart based on an allegation that Wal-Mart knew or should have known of that the slimy liquid dangerous condition existed and knew that there was likelihood that a person, such as Mr. Solis, would be injured by the condition. Plaintiffs also brought a similar premises liability negligence claim against unknown John Doe, a Texas citizen, based on his "management, supervision and care of the Wal-Mart premises."

Defendant Wal-Mart Stores East, L.P. removed the action to this court claiming that the joinder of store manager John Doe as a defendant was improper and only used as an attempt to defeat diversity jurisdiction in this court. Plaintiffs filed a Motion to Remand, asserting that the Plaintiffs had a viable claim under Texas law against the unknown store manager of the Wal-Mart. Later,

based on an Incident Report provided by the Defendant in response to the Plaintiff's interrogatories, the Plaintiffs determined that the identity of the individual defendant was Texas resident Rafael Orozco. Mr. Orozco is listed as a department manager on the incident report.

Plaintiffs then sought to amend their complaint to add Mr. Orozco as a defendant, which would defeat diversity jurisdiction and require remand of this action back to state court. This Court held a hearing on the Plaintiff's Motion to Remand. Wal-Mart continues to assert that, under Texas law, the Plaintiffs have no claim against Mr. Orozco and that the Motion to Remand and the Motion to Amend the Complaint should be denied.

II. STANDARD OF REVIEW

The removing party bears the burden of demonstrating improper joinder, and this burden is a heavy one. *See Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003). Improper joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (citing *Travis*, 326 F.3d at 646-47).

Under the latter method, the court determines "whether [the plaintiff] has *any possibility of recovery* against the party whose joinder is questioned. If there is arguably a *reasonable basis* for predicting that the state law might impose liability on the facts involved, then there is no [improper] joinder. This *possibility, however, must be reasonable*, not merely theoretical." *Travis*, 326 F.3d at 648 (quoting *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)) (emphasis in original) (quotations omitted).

A court may resolve this latter issue of whether there is a reasonble possibility of recovery in one of two ways. *Smith v. Petsmart Inc.*, No. 06-60497, 278 Fed. Appx. 377, 379 (5th Cir. May

2

15, 2008). The court may conduct a "Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573. In the alternative, if the plaintiff has stated a claim, but "misstated or omitted discrete facts that would determine the propriety of joinder . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Id*. During this latter inquiry, the court may consider "summary judgment-type evidence in the record, but must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *Travis*, 326 F.3d at 648-49. All disputed issues of facts and any ambiguities of state law must be resolved in the plaintiffs' favor. *Id*. at 649.

III.   *SMITH v. PETSMART INC.*

The Fifth Circuit recently addressed the issue of a manager's responsibility for employees and premises under Mississippi law in *Smith v. Petsmart Inc.*, No. 06-60497, 278 Fed. Appx. 377 (5th Cir. May 15, 2008). In *Smith*, one of the plaintiffs tripped over a the prongs of an unattended forklift left in the middle of an aisle of the store. *Id*. at 378. The plaintiffs, the injured and her husband, sued Petsmart and the store manager in Mississippi state court for negligence. *Id*. at 378. The plaintiffs contended that the store manager was responsible for the Petsmart employees and premises on the date of the plaintiffs' injury. *Id*. at 379-380. They alleged that the manager was negligent for failing to maintain the store properly and avoid the existence of hazards, failing to provide a safe premises for customers, failing to warn of the hazard, failing to place warning signs near the hazard and failing to control and supervise employees. *Id*. at 380.

The defendants removed the case to federal district court on diversity grounds contending that the store manager was improperly joined. *Id*. at 378-79. The plaintiffs filed a motion to remand,

3

but the district court dismissed the store manager as improperly joined and denied the motion to remand. *Id.* On appeal, the Fifth Circuit looked at whether Mississippi law permitted a plaintiff to hold a store manager, in addition to the store owners, personally liable in premises liability cases. *Id.* at 380. The court noted that the Mississippi Supreme Court had held that a person in charge of premises owed to invitees or business visitors a duty of exercising reasonable or ordinary care to keep the premises reasonably safe and suitable condition or of warning invitees of dangerous conditions not readily apparent which the individual knows or should know of in the exercise of reasonable care. *Id.* (citing *Mayfield v. The Hairbender*, 903 So. 2d 733, 735-36 (Miss. 2005) (quoting *Wilson v. Allday*, 487 So. 2d 793, 795-96 (Miss. 1986)).

Since the *Smith* plaintiffs asserted that the store manager was a person in charge and an ambiguities in the law had to be resolved in favor of the plaintiff, the Fifth Circuit assumed that, under Mississippi law, a store manager could qualify as a person in charge of a premises. *Id.* (quoting *Cavallini v. State Farm Mut. Auto Ins.*, 44 F.3d 256, 259 (5th Cir. 1995)). Assuming a store manager could qualify as a person in charge under Mississippi law, the Fifth Circuit held that the allegations in the complaint established a reasonable possibility of recovery. *Id.* The *Smith* court therefore held that the store manager was not improperly joined and that the case had to be remanded to state court as the district court lacked jurisdiction. *Id.*

IV.   TEXAS LAW CONCERNING INDIVIDUAL LIABILITY FOR STORE MANAGERS

Defendants Wal-Mart and Store Manager Orozco assert that, unlike Mississippi law, Texas law does not permit the a cause of action against store managers. In Texas, individual liability arises only when the officer or agent owes an independent duty of reasonable care to the injured party apart from the employer's duty of care. *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996). In the

4

context of a negligence suit based on workplace safety against both the employer and an officer of the employer, the *Leitch* court stated that the employer had a nondelegable duty to use ordinary care in providing an employee with a safe workplace. *Id.* at 118. The actions of the individual defendants were actions as officers on behalf of their employer, and were deemed to be acts of the employer. *Id.* The nondelegable duty was imposed on, and belonged solely to, the employer and there was no viable claim against the individual officer. *Id.*

In *Valdes v. Wal-Mart Stores, Inc.*, Nos. 97-20179, 97-20610, 158 F.3d 584 (5th Cir. Sept. 4, 1998), the plaintiff contended that under Texas law, a local store manager of a national chain could be held individually liable for harm caused to invitees by the manager's failure to exercise reasonable care. *Id.* at *4. The *Valdes* plaintiff cited *S.H. Kress & Co. v. Selph*, 250 S.W.2d 883 (Tex. Civ. App—Beaumont 1952, writ ref'd n.r.e) for the proposition that a general store manager owed an independent duty of care toward business invitees. The *Selph* court held that by virtue of the control exercised as manager of the store, the manager had a partially nondelegable duty of due care, separate from that of the owner, toward business invitees. *Id.* at 893. This independent duty arises when the employee had control and charge over the store, and could be held individually liable for negligently failing to remedy a condition on the store premises that he knew or should have known posed an unreasonable risk to store patrons. *Id.* at 893-94.

In determining whether *Leitch* overruled *Selph*, the Fifth Circuit stated that:

> read broadly, the principles of *Leitch* might well undermine *Selph*. It is unclear why [a manager] personally would not owe a duty to [the plaintiff] if she had been a Wal-Mart employee, but would owe such a duty to her as a Wal-Mart customer, though Wal-Mart itself would owe the duty-and presumably could not delegate it to Williams-in either case. But *Leitch* was not a premises cases and we cannot say with full confidence that it will be applied outside of the employer-

5

> employee context. Nothing in it expressly reflects that it would be so extended.

*Valdes*, 158 F.3d at *5 n.6.

The Fifth Circuit then looked to *Wal-Mart Stores, Inc. v. Deggs*, 971 S.W.2d 72 (Tex. App.—Beaumont 1996), *rev'd on other grounds*, 968 S.W.2d 354 (Tex. 1998) which cited *Selph* as good law, stating that "as general manager, we know of no reason why [defendant] should not be considered as the operator of the premises in question." *Valdes*, 158 F.3d at *5 (quoting *Deggs*, 917 S.W.2d at 75). As a store manager and operator of the premises in question, the manager in *Deggs* had the duty to maintain the premises in a condition that would not pose an unreasonable risk of harm. *Id.*

The *Valdes* court concluded that "[a]s *Selph* has never been explicitly overruled, and considering that a Texas court of appeals has recently cited it as precedent for the proposition in question, we cannot agree with Wal-Mart's assertion that there is no reasonable possibility that *Selph* would be considered valid law by Texas courts." *Id.* Thus, an allegation that an individual defendant, "by virtue of his position as store manager, had a duty to maintain the premises in a condition that would not pose an unreasonable risk of harm to business invitees" is sufficient to demonstrate a reasonable possibility that a Texas court would recognize this duty. *Id.*

Since the *Valdes* ruling, the Supreme Court of Texas has extended the holding in *Leitch* to premises liability claims in *Tri v. J.T.T.*, 162 S.W.3d 552, 562 (Tex. 2005). *See Bourne v. Wal-Mart Stores, Inc.*, ___ F. Supp. 2d ___, Civil Action No. 1:08-CV-367, 2008 WL 4696932, (E.D. Tex. Oct. 10, 2008) (citing *McKinney v. Home Depot, USA, Inc.*, No. 4:06-CV-0327-A, 2006 WL 2947324 (N.D. Tex. Oct. 13, 2006) ("In light of *Tri*, the court is satisfied that the principles of *Leitch*

are controlling in this [premises liability] action")). By extending the holding in *Leitch* to premises liability actions, the *Tri* court resolved the concern of the Fifth Circuit in *Valdes* by effectively overruling the *Selph* and *Deggs* decisions. After *Tri*, there is no reasonable possibility that a plaintiff can bring a claim under Texas law against a store manager for duties performed within the scope of the employee's duties.

Further, to support their Motion for Leave to File an Amended Petition (Docket No. 9), the Plaintiff filed a Store Incident Report ("Report") indicating that Mr. Orozco was responsible for the area where the Plaintiffs were injured. (*Id.* at Ex. A). The Report states that Mr. Orozco was the department manager over the area of injury. (*Id.*) The store manager is listed as a person apparently named "Rousey." (*Id.*) *Selph* and *Deggs* only established an independent duty for a store manager—an individual employee with custody and control over *an entire store*. Neither *Selph* nor *Deggs* establish any independent duty for department managers. Therefore, even if an independent duty exists for store managers under Texas law, such a duty does not apply to department managers such as Mr. Orozco and there is no reasonably possibility that the Plaintiffs could recover from Mr. Orozco under Texas law.

Without a reasonable possibility that the Plaintiffs can recover from Mr. Orozco, his joinder in this action would be improper. Plaintiff's Motion for Leave to File Amended Petition (Docket No. 9) to add Mr. Orozco as a party is hereby **DENIED**. As this Court has diversity jurisdiction over the remaining action between the Plaintiffs and Defendant Wal-Mart, Plaintiff's Motion to Remand (Docket No. 6) is hereby **DENIED**.

Signed, this the 14th day of November, 2008.

                                                _____
                                                Andrew S. Hanen
                                                United States District Judge