Case 1:07-cv-00205 Document 28 Filed in TXSD on 03/11/10 Page 1 of 7

United States District Court
Southern District of Texas
ENTERED

MAR 11 2010

Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| VICTORIO SOLIS and ALEYDA SOLIS, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. B-07-205 |
| | § | |
| WAL-MART STORES EAST, L.P., | § | |
| Defendant. | § | |

## ORDER AND OPINION ON MOTION FOR SUMMARY JUDGMENT

Defendant Wal-Mart Stores East, L.P. has filed a motion for summary judgment in this case. on October 27, 2009 (Docket No. 27). No response has been filed. For the reasons set forth below, that motion will be granted.

I. BACKGROUND

Victorio Solis and Aleyda Solis ("Plaintiffs"), husband and wife, filed suit in Cameron County Court alleging that, while shopping at a store operated by the Defendant, Plaintiff Victorio Solis slipped and fell. *See* Pls.' Original Pet. at ¶ 13 (attached as Exhibit A to Pls.' Mot. to Remand, Docket No. 6). As a result of his alleged slip and fall, Solis alleged damages including, among other things, medical expenses, loss of earnings, physical impairment, and pain and suffering. *See id.* at ¶ 29. Plaintiff Aleyda Solis alleged loss of consortium. *See id.* at ¶32. The Defendant removed this case to federal court on November 30, 2007, based on diversity jurisdiction (Docket No. 1). The Defendant now asks this Court to grant summary judgment in its favor based on the Plaintiffs' failure to provide evidence of the Defendant's knowledge of the alleged dangerous condition.

II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if the "pleadings, the discovery and disclosure materials

1


on file, and any affidavits, show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The nonmoving party must go beyond the pleadings and provide specific facts showing that there is a genuine issue for trial. *Id.* at 56(e)(2); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Rule 56(c) mandates summary judgment against a party who fails to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322–23.

The court should not, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts. *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)). The nonmoving party's burden is not satisfied simply by creating some metaphysical doubt as to the material facts or by providing only conclusory allegations, unsubstantiated assertions or merely a scintilla of evidence. *Id.* (citations omitted). A court will resolve factual controversies in favor of the nonmoving party "only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Id.*

When the Defendant filed its motion for summary judgment, Local Rules 7.2 and 7.3 of the Southern District of Texas stated that a response to a motion must be submitted to the judge within twenty (20) days after filing and that the failure to respond will be taken "as a representation of no

opposition."[1] Rule 7.4(a) plainly stated, ans still does state, that such responses must be filed by the submission date, or in this case, December 14, 2009.

Plaintiff has yet to file a response to Defendant's motion for summary judgment. Therefore, the local rules would allow this Court to grant Defendant's motion as it should be considered unopposed. However, the Fifth Circuit has explained that although "we have endorsed the adoption of local rules that require parties to file responses to opposed motions, we have not approved the automatic grant, upon failure to comply with such rules, of motions that are dispositive of the litigation." *John v. Louisiana*, 757 F.2d 698, 707–09 (5th Cir. 1985); *Ramsey v. Signal Delivery Serv.*, 631 F.2d 1210, 1213–14 (5th Cir. 1980); *see also Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006). With that admonition in mind, the Court will now turn to the merits of Defendant's motion.

III.  THE PLAINTIFFS HAS FAILED TO PROVIDE EVIDENCE THAT WAL-MART HAD KNOWLEDGE OF THE DANGEROUS CONDITION.

A federal court sitting in diversity is obligated to apply substantive state law. *Dixon v. Wal-Mart Stores, Inc.*, 330 F.3d 311, 314 (5th Cir. 2003); *see also Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938). Under Texas law, store owners owe their customers (invitees)[2] "a duty to exercise reasonable care to protect [them] from dangerous conditions in the store that were known or reasonably discoverable." *See Dixon*, 330 F.3d at 314; *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d

---

[1] The Local Rules were amended effective December 1, 2009, to change this deadline to twenty-one (21) days. *See* Southern District of Texas General Order No. 2009-17 (adopting federal rules time computation changes), *available at* http://www.txs.uscourts.gov/district/genord/.

[2] *See Dixon*, 330 F.3d at 314 (holding that, under Texas law, customers of retail operators are considered invitees); *see also* Pls.' Mem. in Supp. of Mot. to Remand, Ex. B (Def.'s Resp. to Pls.' Req. for Admis., at 3) (admitting that Victorio Solis entered Wal-Mart's store as an invitee).

812, 814 (Tex. 2002) (citing *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998)). In a slip and fall case, as the Plaintiff has alleged, a plaintiff must prove actual or constructive knowledge of the dangerous condition on the part of the premises owner or operator. *See Reece*, 81 S.W.3d at 814. The Plaintiffs may satisfy the knowledge requirement by showing either "(1) the defendant placed the substance on the floor, (2) the defendant actually knew the substance was on the floor, or (3) it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it." *Id.* (citing *Gonzalez*, 968 S.W.2d at 936; *Keetch v. Kroger Co.*, 845 S.W.2d 262, 265 (Tex. 1992)).

The record is void of any evidence, properly considered for summary judgment purposes, that the Defendant placed or actually knew the substance was on the floor. At best, the pleadings, without supporting evidence, show that employees of the Defendant had knowledge of the substance *after* the Plaintiff allegedly fell and suffered his injuries. *See* Pls.' Original Pet. at ¶ 13. Knowledge on the part of the Defendant's employees after the incident allegedly occurred does not show actual knowledge of the dangerous condition.

Without a showing that the Defendant either placed the slippery substance on the floor or at least had actual knowledge of its presence, the Plaintiffs must show that, more likely than not, the dangerous condition had been present long enough to give Wal-Mart a reasonable opportunity to discover it. *See Reece*, 81 S.W.3d at 814, 816 ("[T]here must be some proof of how long the hazard was there before liability can be imposed on the premises owner for failing to discover and rectify, or warn of, the dangerous condition.") The length of time a substance must remain on the floor in order to justify a finding that the Defendant had a reasonable opportunity to discover it depends on other factors in the case, including the proximity of a defendant's employees to the condition. *Id.*

The only claim by the Plaintiffs that may be construed as showing the length of time the substance had been on the floor is a combination of assertions that the substance was both water and slimy. *See* Pls.' Original Pet. at ¶ 13; Def.'s Mot. for Summ. J., Ex. D (Pls.' Ans. to Interrogs.; Tr. of Dep. of Pl. Victorio Solis at 21. There is no evidence of employee proximity to the substance. Reviewing what evidence the Court has been presented with in the light most favorable to the Plaintiff, as a court at the summary judgment stage must, it is possible the Plaintiffs mean to contend that the water had remained on the floor long enough to collect dirt and other materials and that it had become slimy in consistency. Assuming this is the Plaintiffs' assertion, this contention would support at least the implication that some time had elapsed between the appearance of the substance on the floor and the Plaintiff's alleged injury.

Nevertheless, this scant testimony alone is not sufficient to show the Defendant had actual or constructive knowledge of the dangerous condition. *See Gonzalez*, 968 S.W.2d at 938. In *Gonzalez*, the plaintiff slipped and fell in macaroni salad on the floor of the defendant's store. *Id.* at 936. At trial, the plaintiff offered evidence that the macaroni salad had footprints, cart tracks and "a lot of dirt" in it and "seemed like it had been there for a while." *Id.* The defendant appealed the jury's verdict in favor of the plaintiff, asserting that the plaintiff had failed to offer sufficient evidence that the macaroni salad had been on the floor long enough to show the defendant's constructive knowledge of its presence. *Id.* The Supreme Court of Texas agreed, holding that "[d]irt in macaroni salad lying on a heavily-traveled aisle is not evidence of the length of time the macaroni had been on the floor" and "[t]he presence of footprints or cart tracks in the macaroni salad equally supports the inference that the tracks were of recent origin." *Id.* at 937. According to the *Gonzalez* court, "meager circumstantial evidence from which equally plausible but opposite inferences may

be drawn is speculative and thus legally insufficient to support a finding." *Id.* at 936 (citing *Hammerly Oaks, Inc. v. Edwards*, 958 S.W.2d 387, 392 (Tex. 1997)).

In light of *Gonzalez*, the Court finds that, even assuming the substance Plaintiff allegedly slipped on had remained on the floor long enough to turn from water to a slimy liquid, this evidence does not establish the substance had been on the floor for any particular amount of time and does not show that Wal-Mart had a reasonable amount of time to discover the substance. The fact that the water had become slimy, assuming that is the Plaintiffs' contention, equally supports the conclusion that the water had been passed through by other customers and shopping carts and become slimy in a matter of minutes or seconds. Obviously, it could have been slimy prior to being on the floor. Without more, this Court cannot hold that the Plaintiff has created a genuine issue of material fact as to whether the Defendant had a reasonable amount of time to discover and rectify the dangerous condition. Thus, there is no genuine issue concerning Wal-Mart's actual or constructive knowledge of the condition, an element that must be supported by evidence in order for the Plaintiffs to survive summary judgment. Accordingly, the Defendant's motion for summary judgment is GRANTED.

IV.     CONCLUSION

To survive a motion for summary judgment in a Texas premises liability case, a plaintiff must provide evidence raising a genuine issue of material fact as to whether the Defendant had actual or constructive knowledge of a dangerous condition which allegedly caused that plaintiff's injuries. Because the Plaintiffs in this case have not provided sufficient evidence to raise that genuine issue, the Court grants the Defendant's motion for summary judgment.

Signed this 11th day of March, 2010.

                                                Andrew S. Hanen
                                                United States District Judge